UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY LESLIE MURRAY,

Plaintiff,

v. Case No. 3:10-cv-396-J-99TJC-MCR

JACKSONVILLE SHERIFF'S OFFICE,
et al.,

Defendants.

---

**ORDER OF SPECIAL APPOINTMENT; ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE OF PROCESS UPON DEFENDANTS; NOTICE TO PLAINTIFF**

In any § l983 action, the initial inquiry must focus on whether the two essential elements to a § l983 action are present:

> l. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535 (1981).

With regard to Defendant Jacksonville Sheriff's Office, the first prong has not been met. In Florida, the Sheriff, not the Sheriff's Office, is the legal entity against which such claims may be made. The Court notes that Plaintiff has named Sheriff John H. Rutherford as a Defendant in this action.

Accordingly, it is now

**ORDERED:**

1. Defendant **Jacksonville Sheriff's Office** is hereby **dismissed** from this action.

2. The United States Marshal or a Deputy United States Marshal shall serve a copy of the **Civil Rights Complaint (Doc.** #1**) and this order** upon Defendants **Sheriff John H. Rutherford, K-9 Officer Short, K-9 Officer Williams and K-9 Officer Bridgeman** within **THIRTY (30) DAYS** of this order. All costs of service shall be advanced by the United States.

3. The server shall **complete** and **sign** the Return of Service and **return** it to the Court as proof of service. The Defendant shall also **sign** the Return of Service as an acknowledgment of receipt of service.

4. Defendants shall have **SIXTY (60) DAYS** from the date of service of process in which to answer or otherwise respond to the complaint.

5. Before counsel has appeared for Defendants, Plaintiff shall send to Defendants a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Defendants, the copy shall be sent directly to counsel for Defendants, rather than to the Defendants personally. Plaintiff shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of

the pleading, motion, or other paper was mailed to Defendants or counsel for Defendants.

6. If any pleading, motion, or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Defendants or counsel for Defendants, it will be **stricken** by the Court.

7. Plaintiff shall immediately advise the Court of any change of address. He shall entitle the document "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain the address change and the effective date.

8. The parties shall insure that all transcripts, briefs, affidavits, and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification. Composite exhibits should also be individually marked for identification. A table of contents or index (with a title, description, and date of each document) shall be included to aid the Court in the location of each exhibit. The Court will return any exhibits that do not comply with these requirements.

9. If Defendants file a motion to dismiss, Plaintiff shall have **THIRTY (30) DAYS** to file his response to the motion to dismiss. Pro se Plaintiff is now advised out of an abundance of

caution[1] that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

If Defendants file a motion to dismiss that is supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff shall have **THIRTY (30) DAYS** to file his response. If Defendants file a motion for summary judgment, Plaintiff shall have **THIRTY (30) DAYS** to file his response.

In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does

---

[1] See Griffin v. Wainwright, 772 F.2d 822 (11th Cir. 1985), and Milburn v. United States, 734 F.2d 762 (11th Cir. 1984) wherein the Court expressed concern about pro se litigants in summary judgment cases.

not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will be no trial, and the case will be terminated in this Court.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of July, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

sa 6/28
c:
Returns
U.S. Marshal
Tony Leslie Murray